FILED
2024 Mar-18 PM 12:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ALTEC CAPITAL SERVICES, LLC,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:23-cv-01115-RDP** |
| | } | |
| **ALL RELIABLE SERVICES, INC., et al.,** | } | |
| | } | |
| **Defendants.** | } | |

**FINAL DEFAULT JUDGMENT AND WRIT OF REPLEVIN AGAINST ALL RELIABLE SERVICES, INC., ALL RAILROAD SERVICES, INC., AND MICHAEL HERIDIA**

This matter is before the court on Plaintiff Altec Capital Services, LLC's Motion for Default Judgment Against All Reliable Services, Inc. ("ARS"), All Railroad Services, Inc. ("ARRS"), and Michael Heridia (collectively, "Defendants"). (Doc. # 28). For the following reasons, the Motion (Doc. # 28) is due to be granted.

## I. Background

This case involves a contractual dispute arising out of a leasing relationship between Altec, as lessor, and All Reliable, as lessee, with Heridia and All Railroad as guarantors of All Reliable's obligations to Plaintiff under the leases. (Doc. # 24 at 2). Between 2017 and 2022, Plaintiff leased over one-hundred (100) vehicles and/or trailers to Defendants. (*Id.*). In 2022, Defendants began to struggle to make payments under the leases, and in March 2023 stopped making any monthly lease payments to Plaintiff. (*Id.*). Plaintiff brought this action to enforce the leases and/or have Defendants return the equipment. Plaintiff seeks money damages, replevin, and injunctive relief. (*Id.*; Docs. # 1, 14).

Plaintiff filed its original Complaint against Defendants on August 23, 2023. (Doc. # 1). Defendants were served via process server on the following dates: (i) August 28, 2023, as to Heridia; and (ii) September 6, 2023, as to ARS and ARRS. (Doc. # 8 at 8-9). On September 18, 2023, Plaintiff agreed to extend the deadline to answer the Complaint for all Defendants to October 2, 2023. (*Id*. at 8). That deadline passed, but Defendants failed to plead or otherwise defend. (*Id*.). Therefore, on October 25, 2023, the Clerk of Court entered default against Defendants. (Doc. # 10).

On October 27, 2023, Plaintiff filed an Expedited Motion for Preliminary Injunction and Order of Replevin. (Doc. # 12). Plaintiff also moved to amend the Complaint. (Doc. # 11). The court granted the Motion to Amend. (Doc. # 13). On November 3, 2023, Plaintiff amended the Complaint. (Doc. # 14).

On November 8, 2023, the court set aside the default in light of the Amended Complaint. (Doc. # 15). On November 17, 2023, Defendants filed an Answer and Counterclaim. (Doc. # 16).

On December 8, 2023, Plaintiff moved to dismiss Defendants' Counterclaim. (Doc. # 18). Defendants have failed to respond to that Motion.

On January 12, 2024, counsel appearing for Defendants moved to withdraw. (Doc. # 22). On January 18, 2023, the court set the Motion to Withdraw for a hearing and required all parties to appear. (Doc. # 23). On January 23, 2024, the court conducted the hearing to discuss the Motion to Withdraw and to discuss how this case should proceed. (Doc. # 27). On January 24, 2023, the court granted Defendants' Counsel's Motion to Withdraw and ordered Defendants to retain substitute counsel and have that counsel make an appearance in this case no later than February 23, 2024. (*Id*.). The court's Order also warned Defendants that failure to comply with the Order

*would* result in a default judgment being entered against Defendants on liability. (*Id*.) (emphasis added).

Defendants failed to have counsel make any appearance in this case and similarly failed to show cause, in writing, or otherwise, as to why counsel has not been retained or appeared.

On March 7, 2024, Plaintiff filed the Motion for Default Judgment pending before the court. (Doc. # 28).

## II. Standard of Review

Although this court permits the Clerk of Court to *enter* default when appropriate pursuant to Federal Rule of Civil Procedure 55(a),[1] it is the practice of the judges of this court to reserve all decisions about the entry of a Rule 55(b) default *judgment* for the discretion of the particular judge to which the case is assigned, even when Rule 55(b)(1) permits the Clerk of Court to enter a default judgment when a plaintiff's claim against a defendant is either for a sum certain or for a sum which can by computation be made certain. Thus, Plaintiff's Motion for Judgment by Default (Doc. # 28) is properly before the undersigned.

A district court has the authority to enter default judgment upon a showing that a party has failed to comply with its orders or rules of procedure. *Owens v. Benton*, 2006 WL 1824153 at * 1 (11th Cir. 2006) (citing *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). Rule 55 also provides district courts with the authority to enter a default judgment against a party that "has failed to ... defend" the action. *See* Fed.R.Civ.P. 55.

[1] Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a).

**III. Analysis**

Default judgment is appropriate when a party willfully fails to comply with a court order after the court has given the party ample opportunity and sufficient time to comply. *See Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana De Aviacion*, 88 F.3d 948 (11th Cir. 1996) (affirming the district court's denial of the motion to set aside entry of default judgment based upon litigant's willful failure to immediately obtain counsel). A corporation's willful refusal is a clear basis for default judgment. *See Dillon v. Champion's BBQ, Inc.*, 2008 WL 906767, at * 1 (M.D. Fla. April, 1, 2008) ("A corporation's failure to obtain counsel 'may result in the imposition of sanctions, even including entry of default.'") (quoting *McPartland v. ISI Inv. Servs., Inc.*, 890 F. Supp. 1029, 1032 (M.D. Fla. 1995)).

Defendants have failed to abide by the court's Order to obtain new counsel and failed to appropriately defend this case. These failures occurred after Defendants were warned that non-compliance with this court's Order to retain new counsel, have them make an appearance, and defend what would result in default judgment being entered in favor of Plaintiff. The court's Order requiring Defendants to retain substitute counsel and have them make an appearance provided Defendants the option of showing good cause why Defendants have been unable to comply with the court's Order. (Doc. # 27). Defendants failed to have new counsel appear and have made no attempt to show cause for this failure. Defendants have had more than ample opportunity to comply and defend, and they have failed to do so. Therefore, default judgment is due to be entered.

**IV. Conclusion**

A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting

*Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (internal quotation marks omitted)). Accordingly, all of the allegations of the Amended Complaint are deemed **ADMITTED**, and it is **FURTHER ORDERED** as follows:

1. Plaintiff Altec Capital Services, LLC's Motion for Default Judgment Against Defendants (Doc. # 28) is **GRANTED**;
2. Judgment by default is **GRANTED** in favor of Plaintiff on Count I (Breach of Leases) in the amount of $4,982,418.05 against All Reliable Services, LLC;
3. Judgment by default is **GRANTED** in favor of Plaintiff on Count II (Breach of Guaranty – Michael Heridia) making Michael Heridia jointly and severally liable with All Reliable Services, LLC for the amount of $4,982,418.05;
4. Judgment by default is **GRANTED** in favor of Plaintiff on Count III (Breach of Guaranty – All Railroad Services, Inc.) making All Railroad Services, Inc. jointly and severally liable with All Reliable Services and Michael Heridia for the amount of $3,793,481.85;
5. Judgment is **ENTERED IN FAVOR** of Plaintiff on Count IV (Replevin):
    a. Defendants **SHALL** assemble the Remaining Equipment and make such Remaining Equipment available for recovery by Plaintiff or Plaintiff's agent **within forty-eight (48) hours** of the entry of this Final Default Judgment and Writ of Replevin, together with any and all keys, titles, personal property, parts, accessories, inventory, equipment, and fixtures related to the Remaining Equipment, and/or provide detailed, accurate information to Plaintiff, or its

attorneys, via e-mail, as to the physical addresses where such Equipment is located;

b. Defendants are **ENJOINED** from selling or disposing of any such Remaining Equipment, transferring possession of, or title to, the Remaining Equipment to a third party, or encumbering title to the Remaining Equipment, without further Order of this Court;

c. Defendants are **ENJOINED** from using the Remaining Equipment as of the date of the entry of this Final Default Judgment and Writ of Replevin, other than to assemble the Remaining Equipment at one or more locations for surrender to Plaintiff or its agents; and

d. If (1) Defendants fail to comply with paragraphs a., b., and/or c. above, and (2) Plaintiffs are otherwise unable to recover their Equipment, Plaintiff may move the court for an order instructing the U.S. Marshal to assist in the recovery of Plaintiff's Equipment, keys, titles, personal property, parts, accessories, inventory, equipment, and fixtures related to the Remaining Equipment.

6. Plaintiff's Motion to Dismiss Counterclaim (Doc. # 18) is hereby **GRANTED**, and the Counterclaim filed by Defendants is **DISMISSED WITH PREJUDICE**. Plaintiff's Expedited Motion for Preliminary Injunction (Doc. # 12) is **MOOT**.

This is a Final Judgment and the Clerk of Court is **DIRECTED** to close this case; however, the court expressly maintains jurisdiction over this case and the parties to enforce and effectuate its judgment and this Order.

**DONE** and **ORDERED** this March 18, 2024.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE